## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENDA KAYE ROBERTS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-20-1046-STE** |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.[1]** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.      PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-22). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.     THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 5, 2018, the alleged onset date and application date. (TR. 12, 10). At step two, the ALJ determined Ms. Roberts suffered from the following severe impairments: osteoarthritis of the bilateral knees and hips; hypertension; congenital hip dysplasia; morbid obesity; and lumbar spondylosis. (TR. 12). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13).

At step four, the ALJ concluded that Ms. Roberts retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she is able to climb stairs and ramps occasionally. She is unable to climb ladders and scaffolding. She is able to perform occasional balancing, stooping kneeling, crouching, and crawling. She cannot operate foot controls with left lower extremity. She would require the use of a cane on uneven, rough surfaces. She requires a sit-stand option defined as a brief positional change from sitting to standing and vice versa with no more than one change in position every 20 minutes and without leaving the work [s]tation so as to not to

2

diminish pace or production. She is able to perform frequent, but not constant, handling and fingering bilaterally.

(TR. 14-15).

With this RFC, the ALJ concluded that Ms. Roberts could not perform her past relevant work. (TR. 20). Thus, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 58-61). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 61). At step five, the ALJ adopted the VE's testimony and concluded that Ms. Roberts was not disabled based on her ability to perform the identified jobs. (TR. 21-22).

## III.   ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) error in the ALJ's evaluation of Plaintiff's subjective allegations and (2) lack of substantial evidence to support the RFC. (ECF Nos. 26:9-16, 31:1-6).

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.   ERROR IN THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Ms. Roberts alleges that the ALJ erred in considering Plaintiff's allegations of pain and the consistency of her statements. (ECF Nos. 26:13-16, 31:2-6). The Court agrees.

### A.   ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations, including pain. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At this second step, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B.    Plaintiff's Testimony

At the hearing, Ms. Roberts testified that she suffered "hideous pain" in her lower back for which she takes Tylenol Arthritis, and pain in her hip---for two or three days at a time, which she describes as feeling like she's "splitting in two." (TR. 42-43). In addition, Ms. Roberts testified that the week before the hearing, she had seen her primary care physician, Dr. McGivern, who had: (1) stated that her knee was "bone on bone" and replete with bone spurs and (2) treated her with steroid injections. (TR. 44). Plaintiff also testified that she suffered from neuropathy in her thumbs and fingers which caused her to drop things and suffer difficulty gripping. (TR. 44-45). Finally, Ms. Roberts stated that she suffered from swelling in her hands, knee, and hip, which she treated with ice

therapy. (TR. 45). According to Plaintiff, her pain and neuropathy required use of a walker and resulted in an inability to stand for over 10 minutes at one time, walk more than a half-block, lift over ten pounds, and bend or squat. (TR. 43-47).

### C.    Error in the ALJ's Evaluation of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that he had considered Ms. Roberts' pain and the consistency of her subjective allegations with other evidence of record. (TR. 15). The ALJ then: (1) set forth the two-step framework under SSR 16-3p, (2) summarized Plaintiff's hearing testimony, and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 15-16). The ALJ then summarized the medical evidence of record and discussed his consideration of various medical opinions. (TR. 16-20). Although the ALJ had found Ms. Roberts' statements "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," the Court cannot perceive from the decision, that the ALJ ever weighed Plaintiff's testimony or explained why he had discounted it. *See* TR. 16-22.

The ALJ's recitation of the proper standard and his summary of Plaintiff's testimony is insufficient to fulfill his duties under SSR 16-3p. Although the ALJ summarized Plaintiff's testimony, he did not thereafter: (1) explain which portions of it he did not believe, (2) "closely and affirmatively" link any of the factors to his determination, or (3) provide specific reasons for that determination. *See* TR. 16-22; *Wilson v. Astrue*, 602 F.3d 1136,

1144 (10th Cir. 2010) (explaining that ALJ is required to closely and affirmatively link credibility findings to substantial evidence in the record and to "articulate specific reasons" for such findings). Instead, the ALJ simply recited evidence from the record and did not provide any insight into how that evidence had impacted his determination of Ms. Roberts' allegations. Such conclusory findings are insufficient. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("[T]he link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion.").

The only aspects of the ALJ's decision that could potentially be construed as "reasons" for discounting Plaintiff's complaints of pain are: (1) the ALJ's statement that he found the medical source opinions of the state agency physicians "largely persuasive," *see* TR. 19, and (2) the ALJ's statements, when summarizing Plaintiff's testimony, that she was able to:

- dress herself and take care of personal needs; and

- sometimes help with household chores.

(TR. 15). Although activities of daily living and opinions of agency medical consultants are proper considerations in a consistency analysis, *see* SSR 16-3p, Step 2, 2(b) & (c), the ALJ merely recited this evidence without specifically commenting on or explaining why that evidence was inconsistent with Plaintiff's subjective complaints. Nor is the ALJ's reasoning self-evident. An ability to take care of one's personal needs and "sometimes" help with chores does not clearly contrast with Plaintiff's subjective complaints of pain and swelling in her knee, hip, and low back. At the very least, Plaintiff's testimony regarding the limitations in walking and lifting resulting from the pain, conflicts with the

RFC for light work, and the ALJ's reliance on sporadic daily activities does not address the conflict. *Compare* 20 C.F.R. § 416.967(b) (noting that an RFC for "light" work requires "lifting no more than 20 pounds at a time" and "a good deal of walking") *with* TR. 46, 47 (Plaintiff's testimony that she can, at most, walk one-half of a block and can lift a maximum of ten pounds).

Further, although the ALJ found the State Agency reviewers' opinions "largely persuasive," the ALJ did not explain why or how he elected to accept those opinions over Plaintiff's subjective descriptions of her functional limitations. In fact, the ALJ found "additional limitations" outside of the State Agency opinions based on Ms. Roberts' ambulating with a limp and decreased range of motion in her back. (TR. 19). These findings give credence to Plaintiff's subjective allegations, but again, it is not clear from the ALJ's discussion of the State reviewers' opinions that the ALJ had properly considered Plaintiff's allegations of pain.

In short, the ALJ merely recited evidence, without comment or adequate explanation as to how that evidence was consistent or inconsistent with Plaintiff's claims of pain. Under Tenth Circuit law, this constitutes reversible error based on a reviewing court's inability to conduct a meaningful review. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 546 (10th Cir. 2017) (reversing and remanding for further explanation of reasons where ALJ examined some objective medical evidence, but failed to address other factors relevant to pain analysis); *Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868, at *4-6 (W.D. Okla. Sept. 12, 2017) (reversing and remanding for further proceedings where ALJ provided only narrative description of daily activities and summarized some

medical records but "included no meaningful discussion of how the evidence served as a basis for the conclusion"); *Pruitt v. Colvin*, No. CV-15-207-HE, 2016 WL 11469336, at *3 (W.D. Okla. Jan. 20, 2016), report and recommendation *adopted*, No. CIV-15-0207-HE, 2016 WL 1266960 (W.D. Okla. Mar. 31, 2016) (reversing and remanding where ALJ did not deliver the "promised explanation or requisite analysis" in assessing claimant's credibility). As in the above-listed cases, the ALJ's analysis in the instant case lacks substance and provides no basis for meaningful review of his conclusion. *See Brownrigg*, 688 F. App'x at 545 (although technical perfection is not required, "the substance must be there").

## VI.   THE RFC

Ms. Roberts also alleges a lack of substantial evidence to support the RFC due to the alleged ALJ's reliance on "stale opinions" from non-examining agency consultants. (ECF Nos. 26:9-12; 31:2-3). But the Court declines consideration of this proposition because the RFC is inexorably intertwined with the analysis of a claimant's subjective allegations and may be affected following a remand on this issue. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); see also *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."); *Roxanna L. H. v. Berryhill*, 2019 WL 1083564, at *5–6 (N.D. Okla. Mar. 7, 2019) (finding that the ALJ

committed reversible error in his consistency analysis of Plaintiff's subjective complaints of pain "which resulted in error in his formulation of Plaintiff's RFC[.]").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on November 4, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE